IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

DON C. HATCHER,

    Plaintiff,

v.                                                 CIVIL ACTION NO.: 3:15-CV-34
                                                    (JUDGE GROH)

PAN TRAM,

    Defendant.

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff Don C. Hatcher's Motion for Leave to Proceed *In Forma Pauperis* filed on March 24, 2015. ("IFP Motion," ECF No. 2). Plaintiff filed his *pro se* Complaint against Defendant PanTran,[1] the Eastern Panhandle Transit Authority, in which he appears to allege civil rights violations based on disability and/or race discrimination by two of PanTran's employees. (Compl. at 1, ECF No. 1). Plaintiff seeks monetary damages in the amount of $7,000,000. (Id.).

**I.**     **STANDARD OF REVIEW**

When filing a lawsuit in federal court, the plaintiff is required to pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L.R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with their request or Motion for Leave to Proceed *In Forma Pauperis*. See Fed. R. Civ. P. 24. The Supreme Court has explained that the

---

[1] While Plaintiff lists "Pan Tram" as the defendant in this case, the undersigned will use the correct spelling of "PanTran" when referring to the defendant.

1

purpose of the "federal *in forma pauperis* statute…is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, the court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). The court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A case is often dismissed *sua sponte* (i.e., based on the court's own decision) before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. When reviewing a case filed by a plaintiff proceeding *pro se*, the Court liberally construes the complaint. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The federal *in forma pauperis* statute allows a court to *sua sponte* dismiss a complaint that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570.

Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id; see also Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

## II. FACTS

Plaintiff appears to raise civil rights violations in the form of disability and/or race discrimination against the PanTran drivers, "Frank" and "Ken," stemming from actions occurring over a three and a half year period. In regard to a disability, Plaintiff states that he has "a knot" on his leg "that is about three and one half inches long" and references his use of a cane. Plaintiff does not specify his race or nationality but states that Frank and Ken are both "Caucasian males." In the Complaint, Plaintiff provides specific examples of his interactions with Frank and Ken:

Plaintiff explains that on Martin Luther King's birthday in 2014, Frank did not pick him up in front of Gonzalez restaurant in Ranson, West Virginia. Plaintiff states he had his "cane in the air" as Frank approached but Frank "drove past, looked at me, slowed down, turned around in his seat, stopped the Pan Tram bus and waved back in an arrogant way, knowing I was crippled." He further alleges that Frank "is a very racist man. He calls the little black children in Harpers

3

Ferry 'Buckshot' which is a 410 shot gun." Plaintiff also states that: "I believe [Frank] sees a crippled person as a parasite."

He next alleges that PanTran driver, Ken, made him "get on the bus on the 340 beltway for three months." Plaintiff states that "Officer Knott was called in" and told him "that this was against the law." Plaintiff further explains that "Ken made me get off the bus out on the beltway in Ranson and made me walk all the way over to Rite Aid[] instead of letting me get off at the McDonald's as requested." He also alleges that Ken "let me off in Harpers Ferry and said to wait for two hours." In another incident, Plaintiff alleges that Ken "pulled in front of Sheetz on Marlow road and "pulled in and drove by slow, but didn't stop, when he was called in." He further states: "I believe [Ken] hates crippled people because he see them as a parasite. I believe this in my mind."

### III. DISCUSSION

While Plaintiff provides examples of alleged interactions with PanTran employees, his Complaint fails to state a claim for which relief may be granted. Plaintiff only recites the factual scenarios discussed above then refers to filing a "civil action law suit" in which he seeks monetary damages. As such, the Court cannot identify a cause of action that may be supported by Plaintiff's allegations. See Wetter v. Depart. of Social Serv., 901 F.2d 387, 391 (4th Cir. 1990) ("While *pro se* complaints may represent the work of an untutored hand requiring special judicial solicitude, the Court cannot act as plaintiff's counsel and read claims into the complaint that are not otherwise presented.") (internal quotations and citations omitted); see also Bullock v. Beasley & Allen, No. 5:09-CV-329-F, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009) (dismissing the plaintiff's complaint as frivolous because "Plaintiffs recitation of the factual basis of his complaint fails to identify a cause of action asserted against Defendant and is equally devoid of any legal theory."). Here, the Complaint appears to allege that Plaintiff "believes" PanTran employees treated him

differently due to his unspecified disability and/or race. Plaintiff failed to state a legal claim, identify facts related to the elements of his claim, establish a cause of action or even reference a statute or legal theory under which he is entitled to relief. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) ("A district judge is not required to piece together causes of action from fragmentary factual recitations."). Therefore, even when liberally construing the Complaint, the undersigned finds that Plaintiff failed to state a claim for which relief may be granted.

## IV. RECOMMENDATION

After careful review of the Complaint and attached exhibits, the undersigned respectfully recommends Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 2] be **DENIED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, Plaintiff may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Plaintiff, and to any counsel of record, if applicable.

**DATED**: April 2, 2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE