# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**DON C. HATCHER,**

       Plaintiff,

**v.**                                 **CIVIL ACTION NO.: 3:15-CV-34**
                                              **(GROH)**

**PAN TRAM,**

       Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble [ECF 7] and the Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP motion") [ECF 2].

### I. Background[1]

On March 24, 2015, Plaintiff Don C. Hatcher initiated this case by filing a complaint against Pan Tram (which is properly called PanTran, an acronym for the Eastern Panhandle Transit Authority) and an IFP motion. The complaint states "[t]his is a civil action law suit" seeking $7 million. It raises allegations concerning Hatcher's interactions with two PanTran bus drivers, Frank and Ken. Hatcher alleges that, when he was waiting for the bus on one occasion, Frank "drove past, looked at [him], slowed down, turned around in his seat, stopped the Pan Tram bus and waved back in an arrogant way, knowing

---

[1] This section assumes the complaint's factual allegations are true and construes those facts in the light most favorable to Hatcher. The Court also construes Hatcher's filings liberally because he is proceeding *pro se*. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

[he] was crippled." As to Ken, Hatcher alleges that Ken has required him to board and disembark the bus in improper locations, such as by making him "get on the bus on the 340 beltway for three months." Hatcher also asserts that, on one occasion, Ken "pulled in and drove by slow, but didn't stop, when he was called in." Hatcher alleges that he believes Ken and Frank see crippled individuals as a parasite.

After conducting a preliminary review of the complaint, Magistrate Judge Trumble filed his R&R on April 2, 2015. He recommends that the Court deny the IFP motion and dismiss this case for failure to state a claim upon which relief can be granted because the complaint only recites facts and, even construed liberally, does not reveal a cause of action. Hatcher timely filed objections to the R&R.

## II. Standards of Review

### A. R&R

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which Hatcher objects and the remainder of the R&R for clear error.

### B. Preliminary Review of Complaint

A plaintiff filing suit in federal court must pay certain filing fees. The Court has the authority to allow a case to proceed without the prepayment of fees "by a person who affirms by affidavit that he or she is unable to pay costs." L. R. Gen. P. 3.01; see also 28 U.S.C. § 1915(a)(1). The plaintiff files this affidavit along with his or her motion for leave to proceed *in forma pauperis*. The United States Supreme Court has stated that the "federal *in forma pauperis* statute . . . is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989).

When a plaintiff seeks to proceed *in forma pauperis*, a court conducts a preliminary review of the lawsuit before allowing the case to proceed. See 28 U.S.C. § 1915(e). A court must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. Id. § 1915(e)(2)(B). A case is often dismissed *sua sponte* before the defendant is notified of the case "so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke, 490 U.S. at 324. Further, a court liberally construes a complaint filed by a *pro se* plaintiff. Beaudett, 775 F.2d at 1278.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a complaint if it fails to state a claim on which relief may be granted. Although a *pro se* plaintiff's pleadings are liberally construed, the complaint must contain factual allegations that are sufficient "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant

3

has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, a plaintiff must articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim entitling him or her to relief. Id.

### III.  Discussion

Hatcher objects that he has stated a claim upon which relief can be granted. He states that he "raised civil right violations" and details medical conditions that he alleges he suffers from walking.

Here, the complaint only alleges facts regarding Hatcher's use of PanTran buses. It does not identify a statute or cause of action or otherwise offer a legal basis for recovery. Hatcher does aver that civil rights violations have occurred. The legal theory he seeks to proceed on, however, is still unclear. Moreover, although Hatcher asserts he has suffered harm, harm alone does not support a legal claim. Accordingly, in the absence of a plausible legal claim, the Court must dismiss the complaint for failure to state a claim upon which relief can be granted. See Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996) ("A district judge is not required to piece together causes of action from fragmentary factual recitations."); Bullock v. Beasley & Allen, Civil Action No. 5:09-CV-329-F, 2009 WL 2827950, at *2 (E.D.N.C. Aug. 28, 2009) (dismissing *pro se* complaint that did not present any legal theory on which plaintiff sought recovery for failure to state a claim upon which relief can be granted); see also Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

### IV. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Plaintiff's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DENIES** the Motion for Leave to Proceed *In Forma Pauperis* and **DISMISSES** the Complaint **WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to enter judgment in this matter.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Plaintiff.

**DATED:** May 8, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE